620; 5 Abs. 669; aff. 6 Abs. 357, Syl. 488; 119 Oh. St. 24★; 162 NE. 106.

For list of abbreviations, see issue of June 30, 1928, (No. 26) and subsequent quarterly digests.

Bellar v. Cleve.-Akron Country Homes Co. OA. 6 Abs. 499.

Brabenec v. Brabenec. OA. 6 Abs. 492.

Cincinn. North R. R. et v. P. U. C. OS. No. 21322, 6 Abs. 503.

Cowley et v. Balander. OS. No. 21320, 6 Abs. 503.

Empire Finance Co. v. Elliott. OA. 6 Abs. 497.

Fid. & Cas. Co. of N. Y. v. Un. Sav. Bk. Co. OA. 6 Abs. 493; OS. No. 21025, 6 Abs. 205, 269, aff. 6 Abs. 389, Syl. 386.

Ford Realty & Const. Co. v. City of Cleveland. OA. 6 Abs. 496; OS. No. 21166, 6 Abs. 341, MCO. 389.

Harmony Realty Co. inc. v. Underwood. OA. 6 Abs. 308; OS. No. 20894, 6 Abs. 29, rev. 341, Syl. 504; 161 NE. 924.

Harper et v. Cleve. C. C. & St. L. Ry. Co. OA. 6 Abs. 494; OS. No. 21128, 6 Abs. 293, MCO. 389.

Hawkins, Admr. v. Un. Tr. Co. (S. R.) OA. 5 Abs. 518.

Hochmeister-Lind Chemical Co. v. Gund Realty Co. OA. 6 Abs. 495.

Indust. Com. v. Ahern. OA. 6 Abs. 500; OS. No. 20973, 6 Abs. 141, 189, rev. 389, Syl. 385; 119 Oh. St. 41★; 162 NE. 272 (OS.).

Levin v. Habermann et. OS. No. 21323, 6 Abs. 503.

Michalek v. State. OA. 6 Abs. 501.

Searle, Oakey & Miller v. Lawrence. OA. 6 Abs. 491.

State ex Bryant v. Akron Met. Park Dist. OS. No. 21324, 6 Abs. 503.

State ex Deal v. Indust. Com. OS. No. 21326, 6 Abs. 503.

State ex Shorr v. Viner et. OS. No. 21326, 5 Abs. 503.

State ex Wadsworth v. Zangerle, Aud. OA. 6 Abs. 492.

Stein v. Stein, et. OA. 6 Abs. 501.

Sterrett v. Hoover Bond Co. OA. 6 Abs. 502.

Un. Tr. Co. v. Hawkins. (S. R.) OA. 6 Abs. 503; OS. No. 20680, 5 Abs. 506, 823; aff. 6 Abs. 357, Syl. 6 Abs. 371; 161 NE. 548.

Warren Guar. T. & Mortg. Co. v. Williams et. OA. 6 Abs. 503.

Wolf et v. Marshall et. OS. No. 21321, 6 Abs. 503.

Nelson v. Buck. OA. 6 Abs. 279; OS. No. 21318, 6 Abs. 487.

Nichols v. State. OA. 5 Abs. 280; OA. 6 Abs. 475.

Ohio Transit Co. v. P. U. C. OS. No. 21314, 6 Abs. 487.

Portsmouth Gas Co. v. P. U. C. OS. No. 20752, 5 Abs. 503.

Ruben v. Superior Transf. Co. OA. 6 Abs. 479.

Shafer v. Shafer. OA. 6 Abs. 481; OS. No. 21225, 6 Abs. 389.

Shankelman, In Re. OA. 6 Abs. 476.

Smith et v. Buck (S. R.) OS. No. 20867, 5 Abs. 823; 6 Abs. 77, aff. 6 Abs. 389, Syl. 385; 119 Oh. St. 101★.

Spievack v. Atlantic Coast Line. R. R. (S. R.) OS. No. 21147, 6 Abs. 357; MCO. 389.

State ex Wililams v. Indust. Com. OS. No. 19727, 4 Abs. 238; WA. 5 Abs. 154; 6 Abs. 389; Syl. 6 Abs. 487; 116 Oh. St. 82★; 119 Oh. St. 47★; 156 NE. 101 (OS.).

State ex Shurte v. Murray et. OA. 6 Abs. 482.

State ex Sipe v. Summit Co. Bd. of Ed. OA. 6 Abs. 486; 23 Oh. Ap. 329★.

Summers v. State. OA. 6 Abs. 475.

Tax Commission v. Rife et. OA. 6 Abs. 352; OS. No. 20719, 5 Abs. 556, 815; aff. 6 Abs. 389, Syl. 385; 119 Oh. St. 83★.

Tenhover v. Unser et. OA. 6 Abs. 4848.

Tillman v. Toledo. OA. 6 Abs. 485; OS. P. 4 Abs. 740; 23 Oh. Ap. 250★; 157 NE. 120 (OA.).

U. S. Print. v. Griggs Cooper Co. (S. R.) OS. No. 20435, 5 Abs. 249; CP. 4 Abs. 405; OA. 4 Abs. 548; OS. No. 5 Abs. 316; aff. 6 Abs. 389. Syl. 387.

Varga v. Karochai. OA. 6 Abs. 484.

Walsh Const. Co. v. Guard. Tr. Co. OA. 6 Abs. 485.

Wideman v. Lipman. OA. 6 Abs. 371; 26 Oh. Ap. 375★; 160 NE. 103.

Wilson v. State. OA. 5 Abs. 748; OA. 6 Abs. 478; OS. No. 20690, 5 Abs. 522, MCO. 5 Abs. 765; 26 Oh. Ap. 1★.

(Continued from Page 503)

2. 1271. WILLS & LEGACIES.

Supplementary or amended trust agreement providing that certain note included in trust property should go to persons named on owner's death, instead of her personal representatives as provided by original agreement, held ineffective as attempted testamentary disposition of property without acknowledgment or signature of instrument as required to execute will.

3. 1197. TRUSTS & TRUSTEES.

Trustee agreement, requiring owner's approval of trustee's investments and indemnification of trustee against liability for taxes, authorizing termination of trust by either party on 60 days' notice and providing that property should go to owner's personal representatives on her death, merely appointed trustee as owner's agent to manage and control property under her directions for commission agreed on, so that control and custody of property remained in owner.

4. 362a. DECEDENTS' ESTATES.

Supplementary trust agreement providing that note included in trust property should go to named persons on owner's death, instead of her personal representatives as provided in original agreement, being invalid as will for want of requisite acknowledgment and signature, owner died intestate and note passed to her estate as provided in original agreement.

5. 1197. TRUSTS & TRUSTEES.

Trust agreement requiring owner to indemnify trustee against liability for taxes, authorizing termination of trust by either party on 60 days' notice, requiring owner's approval of trustee's investments, and providing that all property should pass to owner's personal representatives on her death, held not to create a living trust.

(Sullivan, PJ., and Levine, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

## Ohio Supreme Court SYLLABI

HARMONY REALTY CO. v. UNDERWOOD.

Ohio Supreme Court.

No. 20894. Decided May 23, 1928.

703. LANDLORD & TENANT—829. Negligence—1113. Streets & Walks.

Landlord held not liable to tenant injured by falling over sidewalk repair material, such material having been placed on such walk by independent contractor, and not by agent or servant of landlord.

For reference to full opinion, see Omnibus Index, last page, this issue.